UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DWIGHT RIVERA

VERSUS

LOUISIANA RECOVERY SERVICES, INC.

CIVIL ACTION

NO. 11-CV-663

## **RULING ON MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed by Defendant, Louisiana Recovery Services, Inc. ("LRS"). (Doc. 5). Plaintiff Dwight Rivera ("Rivera") filed an opposition. (Doc. 7). LRS did not file a reply. The Court has jurisdiction under 15 U.S.C. 1692k(d). For the following reasons, the motion is DENIED.

This suit arises under the Fair Debt Collection Practices Act ("FDCPA" or "the Act"). Defendant is a debt collection agency. Plaintiff's wife allegedly incurred a bill for medical services. Rivera does not mention the nature of the debt in his Complaint, nor does he refer to Regina Rivera—who LRS claims is his wife. He only mentions her in his brief in order to restate LRS's allegation. At a certain point, it appears this bill was then turned over to LRS for collection. Thereafter, Plaintiff contends he was subjected to repeated calls at home demanding payment of the debt, approximately three calls per day. (Doc. 1 at 2). Rivera claims he asked LRS to stop calling, but LRS did not stop. He then brought suit under the FDCPA alleging "conduct the natural consequence of

which is to annoy, harass and oppress" him through the repeated phone calls. *Id.* at 2-3. LRS brought this motion, claiming Rivera does not have standing to bring his suit as he is not a "consumer" as defined by the statute and has not properly alleged he is responsible for the debt at issue.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50. Courts, therefore, must first identify the conclusory allegations, which do not receive a presumption of truth, and then determine whether the remaining factual allegations plausibly give rise to an entitlement of relief. *Id.* at 1950. Courts may consider not only the complaint itself, but also documents attached to the complaint or documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

U.S. 308, 322-23 (2007). The facts in the complaint are viewed collectively, not scrutinized in strict isolation. *Id.*

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to protect consumers against debt collection abuses. " 15 U.S.C. § 1692(e). "Consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Further, the Act provides for civil liability for "any debt collector who fails to comply with any provision of this subchapter with respect to <u>any person</u> . . . ." 15 U.S.C. § 1692k(a) (emphasis added). One of the provisions of the subchapter provides that debt collectors may not cause "a telephone to ring or engage[] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass <u>any person at the called number</u>." 15 U.S.C. § 1692d(5) (emphasis added).

The Court need not determine at this time whether or not Rivera is a consumer as defined by the statute. That is because the Court finds the plain language of the statute clearly provides relief for any person who is subjected to the abusive debt collection practices proscribed by the Act. This finding is in accord with the case law from the circuits that have faced this question. See Meadows v. Franklin Collection Service, Inc., 414 Fed. Appx. 230 (11th Cir. 2011) (allowing claim by debtor's mother to survive summary judgment); Baker v.

3

G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982) (plaintiff has standing "whether or not he owes the debt").

Turning to the Complaint and the attached call logs, the Court finds Rivera has stated a claim upon which relief can be granted. The Court finds the following well pleaded facts are entitled to the presumption of truth: LRS is a debt collection agency; LRS calls Rivera's home number every day, up to three times a day; LRS makes the calls from the same Lafayette number; LRS is seeking to collect a debt. The Court agrees with LRS that the blank call logs attached are of no value. When granted the presumption of truth for purposes of this motion only, the Court finds that from these facts it is plausible that Rivera could recover under the statutory provisions discussed above. Upon these facts, it is plausible that the trier of fact could find the intent of LRS in making these calls was to harass, annoy, or abuse Rivera. Therefore, the motion to dismiss is denied.

## CONCLUSION

For these reasons, the Defendant's motion (doc. 5) is DENIED.

Signed in Baton Rouge, Louisiana, on February 17, 2012.

**JUDGE JAMES J. BRADY**  
**UNITED STATES DISTRICT COURT**  
**MIDDLE DISTRICT OF LOUISIANA**